UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTAIR ENGINEERING, INC.,

    Plaintiff,

                                        Case No. 07-CV-13150
                                        HON. GEORGE CARAM STEEH

vs.

LEDdynamics, Inc.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Altair Engineering, Inc. ("Altair") has filed suit against defendant LEDdynamics, Inc. ("LEDdynamics") for patent infringement arising out of the sale of fluorescent tube replacement lights. The parties filed competing briefs regarding claim construction. After reviewing the extensive briefing by the parties, and conducting a Markman hearing, this Court entered an order adopting the claim construction offered by LEDdynamics. (Doc. 38). Now before the Court is Altair's motion for reconsideration and/or clarification of that order.

The standard of law for granting a motion for reconsideration is quite onerous. "The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(g)(3). Moreover, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Id. Altair has failed to meet its burden.

Altair objects to the Court's finding that Altair's construction of "closely spaced," as used in Claim 3, would render the phrase meaningless, but provides nothing to rebut this finding. Altair alleges that the Court failed to consider the fact that the "closely-spaced" language was added to distinguish the patent from Schmidt. Nothing could be further from the truth. This Court gave thorough consideration of the Schmidt patent and Altair's arguments as to how its invention was distinguishable from it. (Doc. 38, p. 11-16, and 29-32).

Altair also argues that its definition of "closely-spaced" is not invalid merely because it is a functional definition. This Court previously considered Altair's functional definition argument and rejected it. Altair's motion for reconsideration fails to raise anything new. To the extent that Altair now seeks to rely on <u>Orthokinetics, Inc. v. Safety Travel Chairs, Inc.</u>, 806 F.2d 1565 (Fed. Cir. 1986) for the proposition that result-oriented claim language is permissible, that reliance is misplaced. Altair could have cited <u>Orthokinetics</u> at the time of this Court's original <u>Markman</u> hearing but chose not to do so. In any event, that case is distinguishable from the facts presented here and does not alter the Court's conclusions in this case. This Court rejected Altair's functional definition as indefinite, but did not rule that functional definitions are <u>per se</u> invalid.

Next, the Court considers Altair's argument that the Court must clarify whether the Court's discussion of "closely-spaced" refers only to spatial relationships between light-emitting diodes ("LEDs") within the same group or whether it involves spacing between groups of LEDs as well. This argument apparently stems from the Court's discussion of the illustrations of the preferred embodiment in Figs. 1 to 3. (Doc. 38 at 28). In that discussion, the Court carefully noted that "the Court has considered the

illustrations of the preferred embodiment in Figs. 1 to 3 and finds that they are helpful, but not dispositive, of the claim construction decided here." (Doc. 38, p. 28). The Court's order is clear that the term "closely-spaced" refers to the space between any two adjacent LEDs regardless of their grouping.

Finally, the Court must address Altair's request that the Court consider a new proposed claim construction which it asserts strikes a "middle ground approach." LEDdynamics argues that such an undertaking is unwarranted as the Court's function is to interpret patent claims as a matter of law, not to negotiate a construction that satisfies both sides. LEDdynamics responds that consideration of Altair's "middle ground" construction would require another round of full <u>Markman</u> briefing and argument. This Court finds that such an exercise would be futile. The Court already has carefully considered the lengthy briefs and exhibits submitted on claim construction by both parties and conducted a full <u>Markman</u> hearing on the issues. Altair has failed to convince the Court of a palpable defect in its previous order resolving claim construction. Accordingly, that order remains in effect, and Altair's motion for reconsideration and/or clarification (Doc. 40) hereby is DENIED.

SO ORDERED.

Dated: December 12, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk